IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Margie Burgess, | C. A. No. 2:07-3022-CMC-RSC |
| Plaintiff, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Commissioner of Social Security, | |
| Defendant. | |

This case is before the court pursuant to Local Rule 83.VII.02, D.S.C., concerning the disposition of Social Security cases in this District.

The plaintiff, Margie Burgess, brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying the plaintiff's claims for disability insurance benefits under Title II of the Social Security Act.

## Administrative Proceedings

The plaintiff filed an application for disability insurance benefits on February 26, 2005, alleging that she became disabled on September 22, 2004, due to osteoarthritis, and a left knee disorder with residual effects of surgery. The application was denied initially and on reconsideration by the Social Security Administration. The plaintiff filed a request for a hearing on July 29, 2005. The administrative law judge before whom the plaintiff appeared with a representative, Norman Malloy, and Karl S. Weldon, a vocational expert, considered the case de novo, and

on November 16, 2006, found that the plaintiff was not disabled under a disability as defined in the Social Security Act, as amended. (Tr. 15-21). The administrative law judge's opinion became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on July 6, 2007.

In making the determination that the plaintiff is not entitled to benefits, the Commissioner adopted the following findings of the administrative law judge:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2010.
>
> 2. The claimant has not engaged in substantial gainful activity since September 22, 2004, the alleged onset date (20 CFR 404.1520(b) and 404.1571 et seq.). ...
>
> 3. The claimant has the following severe impairments: osteoarthritis; degenerative disc disease; degenerative joint disease; and left knee replacement with revision (20 CFR 404.1520(c)). ...
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526). ...
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant suffers to mild to moderate pain that is increased upon exertion. The claimant has the residual functional capacity to perform sedentary work with an option to sit/stand; can lift 5 to 10 pounds; can sit 6 hours and stand 2 hours in an 8-hour workday; can do no crouching, bending, or kneeling; can climb only one step at a time; and has pain in both knees and back. Due to pain the claimant is limited to performing simple, routine tasks. ...
>
> 6. The claimant is unable to perform any past

> relevant work (20 CFR 404.1565). ...
>
> 7. The claimant was born on January 21, 1958, and was 46 years old on the alleged disability onset date, which is defined as a younger individual age 45-49 (20 CFR 404.1563).
>
> 8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled", whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c) and 404.1566). ...
>
> 11. The claimant has not been under a "disability," as defined in the Social Security Act, from September 22, 2004 through the date of this decision (20 CFR 404.1520(g)).

Tr. 17-21.

## Applicable Law and Regulations

The Social Security Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are "under a disability."  42 U.S.C. § 423(a).  Disability is defined in 42 U.S.C. § 423(d)(1)(A) as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can expected to result in death or which has lasted or can be expected to last for at least 12 continuous months.

3

To facilitate a uniform and efficient processing of disability claims, the Social Security Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must determine whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an impairment contained in the Social Security Act listings of impairments, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing any other work. 20 C.F.R. § 404.1520.

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. Richardson v. Perales, 402 U.S. 389 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Consequently, the Act precludes a de novo review of the evidence and requires the court to uphold the Secretary's decision as long as it is supported by substantial evidence. See, Pyles v. Bowen, 849 F.2d 846, 848 (4th Cir. 1988) (citing Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "substantial evidence" is defined as evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

In short the only issue before the Court is whether the final decision of the Commissioner is supported by substantial evidence and proper legal standards have been applied.

### Questions Presented

By brief, the plaintiff argued that 1.) the administrative law judge failed to take all Plaintiff's severe impairments into consideration and did not do a function by function analysis when he found that Plaintiff had a residual functional capacity to perform a restricted range of sedentary work; 2.) the administrative law judge failed to acknowledge and to take into consideration Plaintiff's obesity in determining her residual functional capacity; 3.) the administrative law judge failed to indicate how often the plaintiff would require a sit/stand option and failed to take into consideration Social Security Rulings concerning the DOT when he accepted the vocational expert's opinion that jobs which he enumerated allowed for a sit/stand option; 4.) the administrative law judge failed to consider the erosion of the occupational base when he found that the plaintiff could perform a restricted range of sedentary work.  However, at oral argument before the undersigned on August 14, 2008, the plaintiff withdrew arguments 1, 2, and 3, so that only the plaintiff's last argument will be considered here.

### Discussion

The plaintiff argued that this case should be reversed and remanded to the Commissioner because the decision is not supported by substantial evidence since the administrative law judge failed to consider the erosion of the sedentary

5

occupational base when he found that the plaintiff could perform a restricted range of sedentary work. A review of the record and relevant case law reveals that substantial evidence does support the administrative law judge's decision and the decision should be affirmed.

The administrative law judge found, in relevant part,

> "If the claimant had the residual functional capacity to perform the full range of sedentary work, a finding of 'not disabled' would be directed by Medical-Vocational Rule 201.21. However, the claimant's ability to perform all or substantially all of the requirements of this level of work has been impeded by additional limitations. To determine the extent to which these limitations erode the unskilled sedentary occupational base, the Administrative Law Judge asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity. The vocational expert testified that given all of these factors the individual would be able to perform the requirements of representative occupations such as inspecting jobs of which 2,400 jobs exist in the state and 119,000 in the nation; as a grader/sorter of which 1,700 jobs exist in the state and 108,000 jobs exist in the nation; and a packer, of which 1,100 jobs exist in the state and 119,000, jobs exist in the nation.
>
> Pursuant to SSR 00-4p, the vocational expert's testimony is consistent with the information contained the Dictionary of Occupational Titles, except the current edition did not consider the sit/stand option but based on his experience it does. ..."

Tr. 20-21.

The plaintiff relies upon SSR 83-12 concerning the erosion of an occupational base by the requirement of a sit/stand option

SSR 83-12 reads in pertinent part:

> SPECIAL SITUATIONS
> 1. Alternate Sitting and Standing
> In some disability claims, the medical facts lead to an

6

> assessment of RFC which compatible with the performance of either sedentary or light work except that the person must alternate periods of sitting and standing. The individual may be able to sit for time, but must then get up and stand or walk for awhile before returning to sitting. Such an individual is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work (and for the relatively few light jobs which are performed primarily in a seated position) or the prolonged standing or walking contemplated for most light work. (Persons who can adjust to any need to vary sitting and standing by doing so at breaks, lunch periods, etc., would still be able to perform a defined range of work.)
>     There are some jobs in the national economy -- typically professional and managerial ones -- in which a person can sit or stand with a degree of choice. If an individual had such a job and is still capable of performing it, or is capable of transferring work skills to such jobs, he or she would not be found disabled. However, most jobs have ongoing work processes which demand that a worker be in a certain place or posture for at least a certain length of time to accomplish a certain task. Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will. In cases of unusual limitation of ability to sit or stand, a VS should be consulted to clarify the implications for the occupational base.

Here, there is no contradiction between SSR 83-12 and the administrative law judge's findings regarding Plaintiff's ability to perform a significant number of jobs in the national economy. The Ruling acknowledges that there are jobs that allow sit/stand options. It directs the agency to consult with a Vocational Expert (VE) to assess the impact of that option on the occupational base. The Ruling does not prescribe a formula for assessing what jobs are available, and the VE's inclusion of certain sedentary jobs does not mean he disregarded SSR 83-12's recognition that a sit/stand option negatively impacts the number of unskilled jobs available.

SSR 83-12 does not automatically dictate a finding of disability where an individual is limited by a sit/stand option.

Rather, SSR 83-12 indicates that a VE should be consulted, and here, one was consulted. The VE identified three unskilled sedentary occupations that the plaintiff could perform and testified that jobs within those occupations existed in the local and national economy. "Work exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which you are able to meet with your physical or mental abilities and vocational qualifications." 20 C.F.R. § 416.966(b); Walls v. Barnhart, 296 F.3d 287 (4th Cir. 2002).

The Commissioner met his burden at this stage of the analysis to demonstrate the existence of such jobs. Moreover, the administrative law judge not only correctly followed the directives of SSR 83-12 by eliciting testimony from a VE, but also correctly held that the plaintiff was not disabled based on the fact that work exists that she can do. Id. ("[I]f work that you can do does exist in the national economy, we will determine that you are not disabled."). The Fourth Circuit has not interpreted SSR 83-12 "to mandate reversal whenever the ALJ does not set out specific findings concerning the erosion of the occupational base if, as here, the ALJ has received the assistance of a VE in considering the more precise question whether there are a significant number of jobs in the economy that the claimant can perform." Martin v. Barnhart, 240 Fed. Appx. 941, 946 (3rd Cir. 2007) (quoting Boone V. Barnhart, 353 F.3d 203, 210 (3rd Cir. 2003). The VE's testimony provides substantial evidence to support the administrative law judge's

conclusion that the plaintiff is not disabled because there are a significant number of sedentary exertional jobs in the economy which she can perform. Substantial evidence supports the decision of the administrative law judge.

### Conclusion

Accordingly for the aforementioned reasons, it is recommended that the decision of the Commissioner be affirmed.

Respectfully submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina,

September 2**4**, 2008