IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| MARGIE BURGESS | ) | C/A No.  2:07-3022-CMC-RSC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **O R D E R** |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act, codified as amended at 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security Administration (hereinafter "Commissioner").  The matter is before the court for review of the Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and the local rules of this court.  For the reasons set forth below, the court adopts the Report and Recommendation ("Report") of the Magistrate Judge and affirms the decision of the Commissioner.

## I.  STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions.  28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security

Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

## II. DISCUSSION

The Magistrate Judge recommended that the court affirm the Commissioner's decision. Plaintiff objects to this recommendation. Although Plaintiff's brief is confusing due to multiple

nonsensical quotes, the court was able to grasp Plaintiff's argument from the brief.[1]  Plaintiff objects that the Administrative Law Judge failed to consider the erosion of the occupational base due to Plaintiff's sit/stand limitations.  However, the ALJ specifically considered the sit/stand limitations' effect on the occupational base when testimony was elicited from a vocational expert.  The Report accurately concludes that the ALJ properly considered all of the evidence and that the decision is supported by substantial evidence.  Each of Plaintiff's specific objections is adequately and properly addressed in the Report.  This court, therefore, concurs with both the reasoning and the result reached by the Magistrate Judge.

## IV. CONCLUSION

For the reasons set forth above, this court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 13, 2008

---

[1] Plaintiff's brief is at times incomprehensible.  It is clear that the brief was prepared quickly and that no time was spent editing or proofreading before submitting it to the court.  The court, however, was able to grasp the substance of Plaintiff's objections despite the numerous typographical errors.

3